UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ROBERTS,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, Director,<br><br>    Respondent. | No. 2:13-cv-1100 CKD P<br><br>ORDER |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 3.) Petitioner asserts as follows: In 2009, he was convicted in the Solano County Superior Court for transporting a controlled substance. (ECF No. 1 at 2, 14.) The superior court ordered that petitioner's seven-year sentence for this offense would run consecutive to a sentence he was serving pursuant to a prior conviction in Nevada. (See id. at 14.) Thus, after sentencing on October 5, 2009, the superior court remanded petitioner to the custody of the Northern Nevada Correctional Center in Carson City, Nevada, where he is still incarcerated. (Id.)

/////

Between October 19, 2009 and October 28, 2009, before being transferred to Nevada, petitioner was confined at Deuel Vocational Institution. He asserts that this period of confinement in a California prison was unconstitutional, as it effectively began his sentence for the 2009 offense before he completed his sentence in Nevada, thus subjecting him to "double jeopardy." Petitioner asserts that the only remedy for this unconstitutional ten-day period of confinement is to amend his 2009 sentence to run concurrently with his Nevada sentence.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is jurisdiction for a federal habeas court. Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). In Baily, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Baily, 599 F.3d at 978-979, quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005). For this aspect of "in custody," actual physical custody is not indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists. Id. at 979. Here, it appears that petitioner is still serving his sentence for the Nevada offense and thus is not "in custody" for the 2009 conviction in Solano County. Thus he fails the first prong of the "in custody" test.

Even if petitioner satisfies the first prong, the second aspect of "in custody" is fatal to his habeas claim. The plain meaning of the test of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction. Rather, section 2254(a) permits a habeas petition to be entertained "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." This language "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Baily, 599 F.3d at 980. Here, the fact that petitioner spent ten days in a California prison in 2009, before being transferred back to Nevada per the superior court's order, does not render his current custody unconstitutional or

1 | unlawful under federal law.

2 | Because the petition does not meet the jurisdictional "in custody" requirement, it will be
3 | dismissed.

4 | Accordingly, IT IS HEREBY ORDERED that the petition (ECF No. 1) is dismissed for
5 | lack of jurisdiction.

6 | Dated: July 17, 2013

7 | _____
   | CAROLYN K. DELANEY
8 | UNITED STATES MAGISTRATE JUDGE

12 | 2 / hass1100.custody